IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

GOLDEN SHOVEL HOLDINGS, LLC et al.,

      Plaintiffs,

v.

SCOTTS MIRACLE GRO COMPANY et al.,

      Defendants.

Case No. 22-CV-359-JFH

## OPINION AND ORDER

Before the Court is a motion to remand ("Motion") filed by Plaintiffs Golden Shovel Holdings, L.L.C. ("Golden Shovel") and Golden Property Management, L.L.C. ("GPM"). Dkt. No. 12. Plaintiffs request the Court remand this action to the District Court for Bryan County, where it was originally filed. *Id.* For the reasons stated, the Motion is GRANTED.

Federal courts are courts of limited jurisdiction. *Bd. of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1250 (10th Cir. 2022). Federal jurisdiction must have a statutory basis. *Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994). The relevant statutory grant in this case is set forth in 28 U.S.C. § 1332(a), which provides that the district courts shall have original jurisdiction of all civil actions where: (1) the matter in controversy exceeds $75,000, exclusive of interest and costs; and (2) complete diversity among the parties. Removal of a state court action to federal court is proper where the defendant proves by a preponderance of the evidence that the requirements of § 1332 are met. 28 U.S.C. § 1441; *Dutcher v. Matheson*, 733 F.3d 980 (10th Cir. 2013).

Plaintiffs state "the diversity of the Parties is not seriously contested" and present various arguments for remand. *Id.* at 3, 5. However, upon review of the updated disclosure statements

filed by the parties, it is apparent to the Court that diversity does not exist.[1]  Consequently, the

Court lacks jurisdiction and does not reach Plaintiffs' other arguments.

"It has long been the rule that to satisfy the diversity of citizenship requirement of 28 U.S.C.

§ 1332(a)(1) the plaintiffs and defendants must be completely diverse:  No plaintiff can be a citizen

of the same state as any defendant."  *Salt Lake Trib. Pub. Co., LLC v. AT & T Corp.*, 320 F.3d

1081, 1095–96 (10th Cir. 2003).  According to their most recent disclosure statements, Golden

Shovel is a citizen of both Oklahoma and Texas and GPM is a citizen of Texas.  Dkt. No. 47; Dkt.

No. 48.[2]  Defendant Route Four, LLC is a citizen of—among other states—Texas.  Dkt. No. 27.

Because both Plaintiffs are citizens of the same state as one of the Defendants, remand is required.

IT IS THEREFORE ORDERED that the motion to remand [Dkt. No. 12] is GRANTED.

IT IS FURTHER ORDERED that the Clerk of Court is directed to remand this case to the

District Court of Bryan County, Oklahoma.

IT IS FURTHER ORDERED that the motion for leave to file sur-reply [Dkt. No. 24] and

motion for limited expedited discovery [Dkt. No. 49] are MOOT.

---

[1]  It took repeated orders by the Court for the parties to submit the proper disclosure statements required under the Federal Rules of Civil Procedure.  *See* Fed. R. Civ. P. 7.1(a)(2) (requiring the statement to name—and identify the citizenship of—every individual or entity involved in a removed action); Dkt. No. 4 (ordering disclosure statements); Dkt. No. 38 (ordering disclosure statement); Dkt. No. 40 (setting a show cause hearing for failure to file disclosure statement); Dkt. No. 44 (requiring an amended notice of removal).  Had the parties properly evaluated diversity and fulfilled their obligations in the beginning, it would have been patently obvious this case was not properly removed and the Court is without diversity jurisdiction.

[2]  Both Plaintiffs are limited liability companies.  For purposes of diversity jurisdiction, a limited liability company takes the citizenship of all of its members.  *See Carden v. Arkoma Assocs.*, 494 U.S. 185, 195–96, 110 S. Ct. 1015, 1021, 108 L. Ed. 2d 157 (1990) (holding that to determine, for diversity purposes, the citizenship of an unincorporated association, the court must consider the citizenship of the entity's members); *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1237–38 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members.").

Dated this 22nd day of June 2023.

_____
JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE